mission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lee v. State*, 270 Ga. 626 (513 SE2d 225) (1999).

2. Phillips enumerates as error the trial court's exclusion of evidence that Burden had previously been convicted of aggravated assault. Before evidence of a victim's prior violent acts can be admitted, the defendant must, among other requirements, make a prima facie showing of justification. *Lewis v. State*, 268 Ga. 83 (2) (485 SE2d 212) (1997). " 'To make this prima facie showing, the defendant must show that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself.' [Cit.]" *Haynes v. State*, 234 Ga. App. 272 (2) (507 SE2d 151) (1998). Phillips did not make that showing. The evidence showed instead that it was Phillips who instigated the confrontation, taunting Burden. Burden was still approaching when Phillips killed her, so Phillips could not show that Burden assaulted her. See *Lewis*, supra. Furthermore, since Burden's offer to fight Phillips was conditioned on Phillips putting down the gun, which Phillips did not do, the evidence did not show that Phillips was honestly defending herself. See *Haynes*, supra. Because Phillips did not make a prima facie showing that Burden assaulted her or that she was honestly trying to defend herself, the trial court did not err in excluding the evidence of Burden's previous conviction. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

S99Y1128, S99Y1129, S99Y1130. IN THE MATTER OF BRET JERALD PANGBORN (three cases).
(521 SE2d 190)

PER CURIAM.

The State Bar filed three Notices of Discipline against Respondent Bret Jerald Pangborn alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 65 (failure to account for trust property, including money and interest paid on the client's money, if any, held

in a fiduciary capacity); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). The State Bar served Pangborn by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii) and, upon Pangborn's failure to file Notices of Rejection in response to the properly served Notices of Discipline, he was in default, had no right to an evidentiary hearing, and is subject to discipline by this Court. Bar Rule 4-208.1 (b). The State Bar recommends disbarment as the appropriate sanction in each of these cases. We agree.

In each of the disciplinary proceedings before the Court, Pangborn was retained to represent clients in matters but failed to take the proper actions on behalf of his clients, made false statements to them and abandoned their cases without cause and to their detriment. In one matter, Pangborn failed to advise his client that he had been suspended for failure to comply with CLE requirements and in another matter, he failed to pay a client's medical bills from settlement funds retained for that purpose.

Although Pangborn has no prior disciplinary history, the State Bar noted the pattern of client abandonment and misuse of client funds evidenced by these cases and further noted Pangborn's failure to respond to the Notices of Investigation or answer the grievances as aggravating factors in its recommendation of disbarment. We agree with the State Bar that disbarment is warranted as a result of Pangborn's violations of Standards 4, 44, 65 and 68 of Bar Rule 4-102 (d). Accordingly, Pangborn is disbarred from the practice of law in Georgia. To the extent he has not already complied pursuant to his November 23, 1998 and January 28, 1999 suspensions for failure to respond to the Notices of Investigation, from which he remains suspended, Pangborn is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

S99A1179. IN RE LAURA J. BURTON.
(521 SE2d 568)

CARLEY, Justice.

Laura J. Burton is an attorney who represented the wife in a child custody action. Although the case originated in the superior court, that court transferred the proceeding to the juvenile court for investigation and determination. OCGA § 15-11-6 (b). The juvenile